UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00306

**Willie B. Ross,**
*Plaintiff,*

v.

**Commissioner, SSA,**
*Defendant.*

# ORDER

On June 11, 2020, plaintiff Willie B. Ross filed the above-styled civil action pursuant to the Social Security Act, Section 205(g), for judicial review of the defendant's denial of his application for Social Security benefits. Doc. 1. This action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Doc. 3.

On June 11, 2021, the magistrate judge issued a report recommending that the Commissioner's decision should be affirmed, and the case should be dismissed with prejudice. Doc. 21. Plaintiff submitted objections on June 21, 2021. Doc. 22. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

First, plaintiff argues that the ALJ improperly determined that he does not require a cane for ambulation. Doc. 22 at 2. Plaintiff claims that: (1) the ALJ did not refer to any evidence to indicate that a cane is not needed; and, (2) though evidence indicated that plaintiff's walking had improved, that does not mean that a cane was not medically necessary. *Id*. at 3-4. First, plaintiff's claim that the ALJ did not cite other evidence is incorrect. The ALJ specifically cited an emergency department visit where plaintiff was "discharged home in ambulatory condition" as well as a lack of evidence indicating that a cane was needed. Tr. at 17, 20. Next, while plaintiff is correct in

stating that "improved walking does not mean that plaintiff was not using a cane," evidence in the record ultimately supports the ALJ's determination. Doc. 22 at 3. The ALJ specifically noted that plaintiff stated that he was "using his cane less at home," and that, during a hospital visit, the treating doctor determined that plaintiff was "ambulatory with a steady gait." Tr. at 309, 419. Accordingly, as the magistrate judge stated, the ALJ supported his decision with substantial evidence, and therefore plaintiff's objection is overruled.

Plaintiff's next objection is that the ALJ improperly determined the issue of manipulative limitations, and that the ALJ's decision is not supported by substantial evidence. Doc. 22 at 3. Plaintiff specifically contends that the ALJ manufactured his own medical opinion to support his conclusion. *Id*. at 3-4. However, evidence in the record supports the ALJ's decision. Not only did the ALJ rely on plaintiff's own reports of decreased pain in his hands, the ALJ also noted that Dr. Caldwell "found the claimant had no focal motor or sensory deficit" and that a 2018 physical exam found "no focal deficits present." Tr. at 15-16. Furthermore, other evidence in the record supports the ALJ's findings including a 2018 physical examination which revealed "no focal deficits present." Tr. at 16, 426.

Contrary to plaintiff's argument, the ALJ also did not err by relying on plaintiff's report of decreased pain in assessing his RFC. When assessing a claimant's limitations, the ALJ must consider all relevant medical and other evidence, but "[t]he relative weight to be given to the evidence is within the ALJ's discretion." *Lamons v. Saul*, EP-20-CV-00094-ATB, 2020 WL 6324322, at *4 (W.D. Tex. Oct. 28, 2020) (citing *Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001) (per curiam)). Thus, the ALJ did not err by relying on plaintiff's subjective reports. The evidence supports the ALJ's decision on whether plaintiff had manipulative limitations and the court cannot reweigh the evidence, try the issue de novo, or substitute its judgment on the ultimate issue of disability for that of the

Commissioner. *See Williams v. Astrue*, No. 4:11-cv-483, 2013 WL 1282517, at *4 (E.D. Tex. Mar. 27, 2013) (citing *Newton v. Apfel*, 209 F.3d 488, 452 (5th Cir. 2000)). Plaintiff's second objection is therefore overruled.

Finally, plaintiff objects to the magistrate judge's findings that the errors alleged above were "harmless." Doc. 22 at 5. Specifically, plaintiff asserts that had the cane been required or any of the manipulative abilities restricted below the frequent level, the prospective jobs relied upon by the ALJ at step 5 would have been greatly reduced or precluded. *Id*. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C.A. § 405(g). The ALJ's RFC determination may not be disturbed on appeal if it is supported by substantial evidence in the record. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

Here, plaintiff is essentially asking the court to retry the issue and substitute its judgment for the ALJ's. *See Johnson v. Colvin*, 595 Fed. App'x. 443, 444 (5th Cir. 2015) ("[The court] may not reweigh the evidence . . ., nor try the issues *de novo*, nor substitute [the court's] judgement for the [Commissioner's.]") (quoting *Harrell v. Bown*, 862 F.2d 471, 475 (5th Cir. 1998)). But the court's review is circumscribed. Because the ALJ's decisions about the cane and manipulative limitations are supported by substantial evidence, plaintiff's final objection is overruled.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court affirms the Commissioner's decision and dismisses this action with prejudice.

*So ordered by the court on July 13, 2021.*

_____
J. CAMPBELL BARKER
United States District Judge